NOT DESIGNATED FOR PUBLICATION

Nos. 108,784
108,785
108,786
108,787
108,799
108,800
108,803
108,900
108,901
109,398
109,431
109,453
109,498

IN THE SUPREME COURT OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

EDWUAN L. ASKEW, *et al*.,
*Appellants.*

MEMORANDUM OPINION

Review of the judgment of the Court of Appeals in an unpublished opinion filed October 24, 2014. Appeal from Sedgwick District Court; ERIC A. COMMER, judge. Opinion filed June 2, 2017. Judgment of the Court of Appeals is affirmed. Judgment of the district court is affirmed.

*Michael P. Whalen*, of Law Office of Michael P. Whalen, of Wichita, was on the briefs for appellants.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

1

*Per Curiam*:  This appeal consists of 13 consolidated cases. The defendants argue the lower courts erred in determining that subject matter jurisdiction was lacking to consider their motions challenging retroactive application of the 2011 amendments to the Kansas Offender Registration Act (KORA), K.S.A. 22-4901 *et seq*. Although the defendants' sentences were final when they filed their motions, on appeal they maintain jurisdiction existed pursuant to the courts' authority to correct illegal sentences under K.S.A. 22-3504. The Court of Appeals affirmed. See *State v. Askew*, No. 108,784, 2014 WL 5609657, at *1 (Kan. App. 2014) (unpublished opinion) ("Because we determine that the trial court lacked subject matter jurisdiction to consider the merits of the defendants' claims, we dismiss this appeal."). We granted review.

In *State v. Wood*, No. 111,243, 2017 WL 1807396 (Kan. 2017), and *State v. Reese*, No. 110,021, 2017 WL 1806482 (Kan. 2017), this court recently rejected arguments identical to those presented here as grounds for reversing the district courts' dismissal of nearly identical motions raising constitutional objections to KORA's retroactive application. We held that the definition of an illegal sentence does not include a claim that a criminal sentence violates a constitutional provision, so a defendant may not file a motion to correct an illegal sentence based on constitutional challenges to his or her sentence. *Wood*, 2017 WL 1807396, at *2; Reese, 2017 WL 1806482, at *2. And discerning no meritorious, nonconstitutional challenges to the registration requirements in the *Wood* and *Reese* defendants' motions, we concluded that while the district courts had jurisdiction to entertain the motions to correct illegal sentences, the courts were right for the wrong reason because the defendants were not entitled to relief. *Wood*, 2017 WL 1807396, at *2; Reese, 2017 WL 1806482, at *2. The holdings from *Wood* and *Reese* are equally applicable in these consolidated cases.

2

We hold that the lower courts had jurisdiction to hear and consider defendants' motions as motions to correct illegal sentences made pursuant to K.S.A. 22-3504. But the motions advanced no meritorious arguments demonstrating the challenged sentences were illegal, so the claims fail on the merits. See *State v. Williams*, 303 Kan. 585, 595, 363 P.3d 1101 (2016) (affirming judgment as right for the wrong reason).

Affirmed.

STEGALL, J., not participating.
MICHAEL J. MALONE, Senior Judge, assigned.[1]

---

[1] **REPORTER'S NOTE:** Senior Judge Malone was appointed to hear case Nos. 108,784 *et seq.,* vice Justice Stegall under the authority vested in the Supreme Court by K.S.A. 20-2616.